UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

EDGARDO MALDONADO,                          :

                    Plaintiff,              :

    -against-                               :        11 Civ. 3514 (PKC)(HBP)

THE CITY OF NEW YORK,                       :        OPINION
et al.,                                              AND ORDER
                                            :

                    Defendants.             :

----------------------------------X


            PITMAN, United States Magistrate Judge:


I.   Introduction


        The plaintiff in this civil rights action moves for an

Order compelling enforcement of a subpoena duces tecum served on

the Office of the New York County District Attorney ("DANY").

The subpoena seeks production of the minutes of the grand jury

proceeding that resulted in drug related charges being filed

against plaintiff -- charges of which plaintiff was ultimately

acquitted and which underlie plaintiff's malicious prosecution

claim (Letter by David B. Rankin, counsel for plaintiff, dated

Apr. 24, 2012 ("Pl.'s April 24 Letter") at 1-2 ).  Defendants and

DANY oppose production of the grand jury minutes.  For the

reasons set forth below, plaintiff's motion to compel is denied.

II.  <u>Facts</u>

This Section 1983 action arises out of plaintiff's arrest during a "buy-and-bust operation" by New York City police officers on the morning of November 9, 2009 (Complaint, filed May 23, 2011 (Docket Item 1) ¶ 19).  Following plaintiff's arrest, a New York County Grand Jury returned an indictment charging plaintiff with one count of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree, and one count of endangering the welfare of a child (Letter by Christina Ante, Assistant District Attorney, New York County, dated May 2, 2012 ("DANY's May 2 Letter") at 1).  In October 2010, plaintiff was tried by a jury and acquitted of all charges (DANY's May 2 Letter at 1).

On May 23, 2011, plaintiff commenced this action alleging claims for, <u>inter alia</u>, false arrest and malicious prosecution under 42 U.S.C. 1983 and parallel state law (Pl.'s April 24 Letter at 1).

On January 23, 2012, plaintiff filed a motion in New York State Supreme Court, New York County (Merchan, J.) seeking to unseal the grand jury testimony of the police who testified against plaintiff (DANY's May 2 Letter at 1).  Although plain-

tiff's counsel in the criminal action had been provided with all
of the relevant grand jury minutes pursuant to People v. Rosario,
9 N.Y.2d 286, 173 N.E.2d 881, 213 N.Y.S.2d 448 (1961) and N.Y.
Crim. Proc. Law Section 240.45, she advised plaintiff's civil
counsel that she no longer possesses the minutes (Transcript of
May 9, 2012 Oral Argument on Motion to Compel (Docket Item
23)("Oral Arg. Tr.") at 6-7, 23).  On February 15, 2012, DANY
filed their opposition to plaintiff's motion to unseal, arguing
that plaintiff failed to establish a compelling and particular-
ized need to warrant violating grand jury secrecy and producing
the transcripts (DANY's May 2 Letter at 1).  On February 23,
2012, the state court heard oral argument on plaintiff's motion
and promised a decision by April 19, 2012 (DANY's May 2 Letter at
2).

     On April 2, 2012, the state court denied plaintiff's
motion to unseal the transcripts finding that plaintiff failed to
set forth a compelling and particularized need for the tran-
scripts (DANY's May 2 Letter at 2).

     On April 3, 2012, plaintiff served the subpoena cur-
rently in issue on DANY (DANY's May 2 Letter at 2).  DANY ob-
jected pursuant to Fed.R.Civ.P. 45 and opposed the disclosure of
the grand jury transcripts absent an unsealing order (DANY's May
2 Letter at 2).

B.    The Present Dispute

        Plaintiff asserts that the transcripts should be
produced because, "in civil rights cases, state privacy limita-
tions on discovery are to be narrowly construed in light of the
'important federal substantive policy such as that embodied in
section 1983'" (Pl.'s April 24 Letter at 2, quoting Crosby v.
City of N.Y., 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (Scheindlin,
D.J.), and King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).
Accordingly, plaintiff argues that the need for broad discovery
in Section 1983 litigation outweighs the interests in maintaining
state grand jury secrecy in this instance and that "it would be
improper for the Court to apply New York statutory privileges to
plaintiff's federal claims because plaintiff has a relevant,
particularized and compelling need for the grand jury minutes"
(DANY's May 2 Letter at 3).  Plaintiff articulates three grounds
which he contends justify production of the transcripts:

            First, the grand jury minutes contain witness state-
            ments that directly address whether probable cause
            existed for plaintiff's arrest.  Accordingly, the
            minutes are relevant to plaintiff's claims for false
            arrest under both federal and state law.  Second, the
            grand jury minutes contain relevant information about
            the post-arrest investigative process that led to
            plaintiff's indictment, further addressing the exis-
            tence of probable cause and whether the officers exhib-

4

ited malice in their arrest of plaintiff.  Third, the
police officers' testimony at the grand jury is in
itself a part of plaintiff's malicious prosecution
claim under state law.  There is no other evidence
available to support plaintiff's claim under state law
that the police officers maliciously prosecuted plain-
tiff when they falsely testified against him at the
grand jury.

(Pl.'s April 24 Letter at 3).

Defendants' argue that, in light of the United States
Supreme Court's recent decision in Rehberg v. Paulk, 132 S.Ct.
1497 (2012), plaintiff's motion should be denied.

Defendants argue that, following Rehberg, "no use can
be made of their testimony in a subsequent § 1983 action such as
this one, and there is[, therefore,] no need for plaintiff to
access the minutes" (Letter by Susan P. Sharfstein, counsel for
defendants, dated Apr. 27, 2012 ("Defs.' April 27 Letter") at 1-
3).

Defendants also argue that (1) plaintiff does not need
the testimony with respect to his false arrest claim because the
arresting officers are available to be deposed and no particular-
ized need for the grand jury testimony has been shown, and (2)
plaintiff does not need the testimony with respect to his mali-
cious prosecution claim because New York law "has long recognized
that grand jury minutes are not essential to prove a claim for
malicious prosecution" (Letters by Susan P. Sharfstein, counsel

5

for defendants, dated May 2 and May 7, 2012 ("Defs.' May 2 Letter" and "Defs.' May 7 Letter," respectively)).

DANY argues that plaintiff has failed to show a compelling and particularized need for the grand jury transcripts because (1) <u>Rehberg</u> "renders moot any of plaintiff's claims under 42 [U.S.C. §] 1983," (2) the New York State Supreme Court ruled that the grand jury minutes should remain sealed and plaintiff can use all other evidence that he has obtained to pursue any New York state claims, (3) the Court should "afford deference" to New York state law and policy recognizing the need for grand jury secrecy, (4) "society's interest in encouraging witnesses to . . . testify truthfully, and in preventing investigation from being hindered [outweighs] plaintiff's desire for materials he speculates would aid in his civil law suit," and (5) any impeachment value due to inconsistencies in the grand jury witness' testimony would be apparent from the trial and suppression hearing transcripts (DANY May 2 Letter 4-5).

Plaintiff argues in response that he "simply cannot adequately prepare for a civil trial without access to all witness testimony to-date," he should not be restricted to inconsistencies brought out by his counsel in the criminal action, and there is no compelling reason for continued secrecy

of the grand jury testimony (Letter by David B. Rankin, counsel

for plaintiff, dated May 4, 2012 ("Pl.'s May 4 Letter") at 1).

III.  Analysis

        Plaintiff has two classes of claims -- false arrest and

malicious prosecution.  I conclude that disclosure of the grand

jury minutes is not appropriate with respect to either set of

claims.

    A.  False Arrest Claims

        Traditionally, five interests have been identified as

justifying the secrecy of grand jury proceedings:

> [1] First, if preindictment proceedings were made
> public, many prospective witnesses would be hesitant to
> come forward voluntarily, knowing that those against
> whom they testify would be aware of that testimony. [2]
> Moreover, witnesses who appear before the grand jury
> would be less likely to testify fully and frankly, as
> they would be open to retribution as well as induce-
> ments.  [3] There also would be the risk that those
> about to be indicted would flee, or [4] would try to
> influence individual grand jurors to vote against
> indictment.  [5] Finally, by preserving the secrecy of
> the proceedings, we assure that persons who are accused
> but exonerated by the grand jury will not be held up to
> public ridicule.

Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218-19

(1979).

Where, as here, the target of the grand jury's investigation has been publicly charged, tried, and acquitted and the grand jury testimony was disclosed as part of the prosecution's disclosure obligation, the weight of the foregoing factors is substantially diminished.  The risks of flight, witness intimidation, and unwarranted reputational damage are non-existent.  In addition, especially where, as here, the witnesses in issue are law enforcement officers for whom testifying in the grand jury is a routine part of the job, the risks of witnesses being reluctant to testify or being reluctant to testify fully is also greatly attenuated.  Nevertheless, precedent holds that even after disclosure and an acquittal, a party seeking disclosure of grand jury testimony bears the burden of showing a particularized need for the material.  Rechtschaffer v. City of N.Y., 05 Civ. 9930 (RJS)(JCF), 2009 WL 773351 at *3 (S.D.N.Y. Mar. 18, 2009) (Francis, M.J.); Turturro v. City of N.Y., 33 Misc. 3d 454, 455-56, 460-61, 925 N.Y.S.2d 808, 810, 813-14 (Sup. Ct. Kings County 2011).  "A particularized need for grand jury testimony must be demonstrated by more than a mere showing that such material is relevant," Gruman Aerospace Corp. v. Titanium Metals Corp., 554 F. Supp. 2d 771, 774 (E.D.N.Y. 1982), citing Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959); "[a] general desire for the discovery needed to prove one's case does not

satisfy the requisite showing of particularized need." Sclafani v. Spitzer, 08 Cr. 3654 (JBW)(CLP), 2009 WL 1505276 at *2 (E.D.N.Y. May 28, 2009).

Under New York law, a grand jury considers whether there is probable cause to believe that a crime has been committed. See Chetrick v. Cohen, 52 A.D.3d 449, 450, 859 N.Y.S.2d 705, 707 (2d Dep't 2008); Williams v. City of N.Y., 40 A.D.3d 847, 850, 835 N.Y.S.2d 717, 720 (2d Dep't 2007); Haynes v. City of N.Y., 29 A.D.3d 521, 523, 815 N.Y.S.2d 143, 146 (2d Dep't 2006). In making this determination, the grand jury is free to consider evidence that is gathered both prior to and after the arrest. The principal issue in a 1983 action based on a false arrest claim is whether there was probable cause to arrest the plaintiff, Boyd v. City of N.Y., 336 F.3d 72, 75 (2d Cir. 2003); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Feinberg v. City of N.Y., 99 Civ. 12127 (RC), 2004 WL 1824373 at *2 (S.D.N.Y. Aug. 13, 2004) (Casey, D.J.), and focuses on what was known to the arresting officer and his or her colleagues at the time of the arrest.

Because the issue before the grand jury was different from the issue of probable cause to arrest, it is not reasonable to assume that the grand jury minutes will meaningfully shed light on plaintiff's false arrest claim.

In addition to the lack of congruence between the issue
before the grand jury and the matter at issue here, plaintiff's
need for the grand jury testimony is further diminished by the
fact that the arresting officers remain available for deposition
and no showing has been made that they have lost their memories
of the events leading up to plaintiff's arrest.

Thus, plaintiff has not shown any particularized need
for the grand jury testimony in connection with his false arrest
claim.

B.  <u>Malicious Prosecution Claims</u>

The materiality of grand jury testimony to a Section
1983 claim based on a malicious prosecution theory was substan-
tially altered by the Supreme Court's recent decision in <u>Rehberg</u>
<u>v. Paulk</u>, <u>supra</u>, 132 S.Ct. 1497 (2012).

In <u>Rehberg</u>, the Supreme Court held that grand jury
witnesses, like trial witnesses, are entitled to absolute immu-
nity "from any § 1983 claim based on the witness' testimony."
132 S.Ct. 1497, 1505-06, <u>citing</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325,
332-30 (1983) (holding that trial witnesses have absolute immu-
nity with respect to any claim based on the witness' testimony;
otherwise, the truth seeking process would be impaired as wit-
nesses "might be reluctant to come forward to testify" or "might

be inclined to shade his testimony in favor of the potential plaintiff [for] fear of subsequent liability").  The Supreme Court further held that "this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or <u>by using</u> <u>evidence</u> <u>of</u> <u>the</u> <u>witness'</u> <u>testimony</u> <u>to</u> <u>support</u> <u>any</u> <u>other</u> <u>§</u> <u>1983</u> <u>claim</u> <u>concerning</u> <u>the</u> <u>initiation</u> <u>or</u> <u>maintenance</u> <u>of</u> <u>a</u> <u>prosecution</u>."  132 S.Ct. 1497, 1506 (emphasis added).

Plaintiff conceded at oral argument that <u>Rehberg</u> bars his 1983 claim based on a malicious prosecution theory and, thus, the only malicious prosecution theory that remains in the case is his state law claim (Oral Arg. Tr. 8-9; <u>see</u> <u>also</u> <u>Bonelli v. City of N.Y.</u>, Order, filed May 4, 2012 (11-cv-0395 (KAM)(JO) Docket Item 30); <u>Blasini v. City of N.Y.</u>, Order, filed Apr. 18, 2012 (11 Civ. 3022 (SAS) (Docket Item 32) (Scheindlin, D.J.)).

Nevertheless, plaintiff argues that he requires the grand jury minutes because "the police officers' testimony at the grand jury is in itself a part of plaintiff's malicious prosecu-tion claim under state law" and "[t]here is no other evidence available to support plaintiff's claim under state law" (Pl.'s April 24 Letter at 3).

However, because the grand jury minutes can only be used to advance a malicious prosecution claim under state law,

11

the applicability of the doctrine of grand jury secrecy is governed by state law.  <u>Lego v. Stratos Lightwave, Inc.</u>, 224 F.R.D. 576, 578 (S.D.N.Y. 2004) (Kaplan, D.J.) ("To the extent, however, that the discovery requested in this case is relevant only to state claims and defenses, privilege is determined by the applicable state law." (footnote omitted)); <u>accord</u> <u>Guzman v. Mem'l Hermann Hosp. Sys.</u>, H-07-3973, 2009 WL 427268 at * 5 (S.D. Tex. Feb. 20, 2009); <u>Freeman v. Fairman</u>, 917 F. Supp. 586, 588 (N.D. Ill. 1996); <u>Evanko v. Elec. Sys. Assoc., Inc.</u>, 91 Civ. 2851, 1993 WL 14458 at *1 (S.D.N.Y. Jan. 8, 1993) (Dolinger, M.J.); <u>Platypus Wear, Inc. v. K.D. Co.</u>, 905 F. Supp. 808, 811 (S.D. Cal. 1995).  Furthermore, following <u>Rehberg</u>, there is no federal interest in the grand jury minutes because they cannot be used as a predicate for a Section 1983 malicious prosecution claim.  Thus, no concern is present that state rules may "frustrate the important federal interests . . . in vindicating important federal substantive policy such as that embodied in section 1983." <u>King v. Conde</u>, <u>supra</u>, 121 F.R.D. at 187.

The New York State Supreme Court has already ruled, as a matter of state law, that the state grand jury minutes are protected and there is no potentially conflicting federal interest with respect to plaintiff's malicious prosecution claim. Accordingly, because the potential relevance of the grand jury

12

minutes to the malicious prosecution claim implicates state

interests exclusively, I decline to revisit the decision of the

New York State Supreme Court on the issue.

IV.  Conclusion

        Accordingly, for all the foregoing reasons, plaintiff's

motion to compel is denied.

Dated:  New York, New York
        June 21, 2012

                                    SO ORDERED

                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Deborah B. Diamant, Esq.
Robert M. Quackenbush, Esq.
David B. Rankin, Esq.
Rankin & Taylor, PLLC
350 Broadway
New York, New York 10013

Steve Stavridis, Esq.
Susan P. Scharfstein, Esq.
New York City Law Department
100 Church Street
New York, New York 10007

Christina Ante, Esq.
District Attorney's Office
  of New York County
One Hogan Place
New York, New York 10013