UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LILLIAN DIAZ as the administrator of the estate of EDGARDO MALDONADO,

                     Plaintiff,

      -v-

THE CITY OF NEW YORK; New York City Police Department ("NYPD") Detective ("DET.") RICHARD ALVAREZ (Shield No. 01415), Officer ("P.O.") GUILLERMO GIL (Shield No. 00719), P.O. JOSE SANDOBAL (Shield No. 02208), DET. JOHNPAUL SLATER (Shield No. 06994), Sergeant ("SGT.") MARK SILEY (Shield No. 03441); New York City Department of Correction ("NYDOC") Captain ("CPT.") RICHARD ROE, and Corrections Officer ("C.O.") JOHN DOE, (the names Richard Roe and John Doe being fictitious, as the true names are not presently known), in their individual and official capacities,

                     Defendants.

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 11-CV-3514 (RA)(HBP)

------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, and pendant claims through the Constitution and laws of the State of New York.

2. Mr. MALDONADO's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiff and caused him to be prosecuted despite the absence of probable cause. By reason of defendants'

1

actions, including their malicious prosecution and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Mr. EDGARDO MALDONADO's rights were further violated when officers of the NEW YORK CITY DEPARTMENT OF CORRECTIONS ("NYDOC") failed to release plaintiff from their custody after the New York State Supreme Court, Criminal Term, New York County acquitted plaintiff of all charges.  The individual NYDOC officers' ministerial negligence caused plaintiff to be unreasonably and unlawfully imprisoned.

4. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a) (3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

7. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Pursuant to New York State General Obligations Law § 50-G, the plaintiff filed a timely Notice of Claim with the New York City Comptroller on or about November 16, 2010, within ninety (90) days of the events herein complained of.  Thus, this Court has supplemental jurisdiction over plaintiff's claims against defendants under the constitution

and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

9. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

10. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

11. Mr. MALDONADO died during the pendency of this action and his estate is administered by LILLIAN DIAZ.

12. Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain correctional facilities and a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY assumes the risks incidental to the maintenance of correctional facilities, a police force and the employment of correctional officers and police officers as said risks attach to the public consumers of the services provided by its correctional facilities and the NYPD.

13. New York City Police Department ("NYPD") Detective ("DET.") RICHARD ALVAREZ (Shield No. 01415), Police Officer ("P.O.") GUILLERMO GIL (Shield No. 00719), P.O. JOSE SANDOBAL (Shield No. 02208), DET. JOHNPAUL SLATER (Shield No. 06994), SGT. MARK SILEY (Shield No. 03441) (referred to collectively as the "individual NYPD defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.  The individual NYPD defendants are being sued herein in their individual and official capacities.

14. New York City Department of Correction ("NYDOC") Captain ("CPT.") RICHARD ROE, and C.O. JOHN DOE, (the names Richard Roe and John Doe being fictitious, as the true names are not presently known) (referred to collectively as the "individual NYDOC defendants"), are and were at all times relevant herein, officers, employees and agents of the NYDOC.  The individual NYDOC defendants are being sued herein in their individual and official capacities.

15. The true names of defendants CPT. RICHARD ROE and C.O. JOHN DOE are not currently known to the plaintiff.  However, all of said defendants are employees or agents of the NYDOC.  Accordingly, said defendants are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to N.Y. G.O.L. § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names of said defendants becomes known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

16. At all times relevant herein, the individual NYPD and NYDOC defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD or the NYDOC, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD or the NYDOC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD or the NYDOC and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD or the NYDOC.

17. The individual NYPD and NYDOC defendants' acts hereafter complained of were carried

out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

18. At all relevant times, the individual NYPD and NYDOC defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

**STATEMENT OF FACTS**

19. Mr. MALDONADO was falsely arrested on November 9, 2009 during a buy-and-bust operation performed by the Manhattan North Narcotics Bureau in the vicinity of 125th Street and Lenox Avenue in the County of New York. Mr. MALDONADO was later acquitted of all charges at trial.

20. At approximately 9:00 A.M., Mr. MALDONADO was en route from the subway station located at 125th Street and Lenox Avenue to Beth Israel Medical Center's methadone clinic located on West 124th Street in the County of New York.

21. Mr. MALDONADO had been a voluntary patient of the methadone clinic for approximately three (3) years on November 9, 2009.

22. As soon as Mr. MALDONADO emerged from the subway station to the street, he saw a friend and proceeded to speak with him for several minutes.

23. Mr. MALDONADO then crossed the street to greet two (2) additional friends he saw standing on the sidewalk with their young daughter.

24. Mr. MALDONADO spoke with the husband and wife for a few minutes until he was approached by Defendant P.O. Alvarez, who immediately grabbed Mr. MALDONADO without questioning him. Defendant P.O. Alvarez then threw Mr. MALDONADO against a wall and proceeded to search him.

25. The individual NYPD defendants recovered $40.00 from Plaintiff MALDONADO's person.

26. The individual NYPD defendants did not recover drugs or other contraband from Mr. MALDONADO's person.

27. Mr. MALDONADO was arrested and transported to the 25th Precinct where he remained in defendants' custody for four (4) to five (5) hours.

28. Mr. MALDONADO was then transferred to Central Booking where he waited approximately four (4) hours to be arraigned in the New York City Criminal Court, New York County.

29. In the early morning hours of November 10, 2009, Mr. MALDONADO was transferred from Central Booking to Rikers Island, a correctional facility operated by the NYDOC.

30. On or about December 8, 2009, a County of New York grand jury indicted Mr. MALDONADO on charges of (1) Criminal Sale of a Controlled Substance in the Third Degree (P.L. ¶ 220.39(1)), (2) Criminal Possession of a Controlled Substance in the Third Degree (P.L. ¶ 220.16(1)), and (3) Endangering the Welfare of a Child (P.L. ¶ 260.10(1)).

31. Mr. MALDONADO was arraigned in the Supreme Court Criminal Term, New York County, on or about December 8, 2009.

32. On or about October 20, 2010, Plaintiff MALDONADO's criminal trial commenced.

33. On October 26, 2010 at approximately 12:45 P.M., Mr. MALDONADO was acquitted of all charges related to the November 9, 2009 arrest.

34. The individual NYDOC defendants did not immediately release Mr. MALDONADO and instead transported him back to Rikers Island in handcuffs.

35. In the courtroom, Mr. MALDONADO asked Defendant C.O. DOE for an explanation why even though he had just been acquitted he was unable to leave the courtroom with his wife and three (3) young children. He was told he would learn the reason upon returning to Rikers Island.

36. Once Mr. MALDONADO returned to Rikers Island, he spoke to several captains during the intake process and learned he would need to speak with Defendant CPT. ROE in his unit to learn the reason for his return.

37. Defendant CPT. ROE explained Mr. MALDONADO was returned to Rikers Island because there was an open warrant for his arrest in the State of Georgia.

38. Mr. MALDONADO explained he did not have an open warrant in Georgia.

39. Approximately four (4) or five (5) hours later, Defendant CPT. ROE visited Plaintiff MALDONADO's cell and showed him a computer printout indicating the open warrant in Georgia.

40. Mr. MALDONADO again reiterated the warrant was not his, and asked Defendant CPT. ROE to check identifying information such as a mug shot and fingerprints to determine he was not the person with the open warrant in Georgia.

41. Defendant CPT. ROE returned to Mr. MALDONADO's cell approximately fifty-three (53) hours later on October 28, 2011 to inform him he would be released because he did not have an open warrant in Georgia.

42. The individual NYDOC defendants falsely imprisoned Mr. MALDONADO until they finally released him at approximately 1:00 A.M. on October 29, 2010.

43. Upon information and belief, Mr. MALDONADO made sixteen (16) to nineteen (19) court appearances between the date of his arrest and date of his acquittal.

44. Upon information and belief, the individual NYDOC defendants failed to properly identify MALDONADO, causing him to remain incarcerated and in the NYDOC's custody for approximately sixty (60) to sixty-one (61) hours over the course of four (4) consecutive days after he was acquitted at trial and should have immediately been released.

45. In total, Mr. MALDONADO was in NYPD and/or NYDOC custody for approximately three hundred fifty five (355) days beginning on the day of his November 9, 2009 arrest until he was released from the NYDOC on October 29, 2010.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

46. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; (f) freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; (g) freedom from abuse of process; and (h) freedom from deprivation of liberty without due process of law.

48. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS

**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By failing to remedy the wrongs committed by his or her subordinates, in failing to properly train, screen, supervise, or discipline his or her subordinates, and by personally participating in the constitutional injuries set forth above, SGT. MARK SILEY, in his individual and official capacities caused damage and injury in violation of plaintiff's rights guaranteed under the United States Constitution, including its Fourth and Fourteenth Amendments, through 42 U.S.C. §1983.

51. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM**
**FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. § 1983**

52. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

54. Defendants P.O. GIL, P.O. SANDOBAL, DET. SLATER, and SGT. SILEY were present for the above-described incident and witnessed Defendant DET. ALVAREZ unlawfully arrest the plaintiff.

55. Defendants' use of force against plaintiff was obviously excessive and unjustified under the circumstances yet Defendants P.O. GIL, P.O. SANDOBAL, DET. SLATER, and SGT. SILEY failed to take any action or make any effort to intervene, halt or protect the plaintiff from being subjected to excessive force by other individual NYPD defendants.

56. The arrest of plaintiff and the initiation of criminal charges against him was clearly without probable cause or other legal justification, and was based on facts alleged by Defendant P.O. ALVAREZ which Defendants P.O. GIL, P.O. SANDOBAL, DET. SLATER, and SGT. SILEY knew to be false, yet Defendants P.O. GIL, P.O. SANDOBAL, DET. SLATER, and SGT. SILEY failed to take any action or make any effort to intervene, halt or protect plaintiff from being unlawfully and wrongfully arrested and prosecuted.

57. Defendants P.O. GIL's, P.O. SANDOBAL's, DET. SLATER's, and SGT. SILEY's violations of plaintiff's constitutional rights by failing to intervene in other defendants' clearly unconstitutional use of force and plaintiff's unconstitutional arrest resulted in the injuries and damages set forth above.

## FOURTH CLAIM
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

58. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. The conduct of the individual NYPD and NYDOC defendants alleged herein, occurred while he or she was on duty and in uniform, and/or in and during the course and scope of his or her duties and functions as NYPD and NYDOC officers, and/or while he or she was acting as an agent and employee of defendant CITY, clothed with and/or invoking state power and/or

authority, and, as a result, defendant CITY is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

60. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## VIOLATIONS OF THE NEW YORK STATE CONSTITUTION

61. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. Defendants' conduct alleged herein breached the protections guaranteed to plaintiffs by the New York State Constitution, Article I, §§ 8, 11, and 12, including the following rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; (f) freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; (g) freedom from abuse of process; and (h) freedom from deprivation of liberty without due process of law.

63. Defendants' deprivation of plaintiffs' rights under the New York State Constitution resulted in the injuries and damages set forth above.

## SIXTH CLAIM
## FALSE ARREST AND FALSE IMPRISONMENT

64. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM
## ABUSE OF PROCESS

67. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm the plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to the plaintiff, which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM
## NEGLIGENCE

73. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### TENTH CLAIM
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING

76. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### ELEVENTH CLAIM
### MALICIOUS PROSECUTION

79. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80. By the actions described above, by the false allegations against the plaintiff in the accusatory instrument, the individual NYPD defendants caused a criminal proceeding to be initiated against plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The individual NYPD defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further

wished to harm and punish plaintiff for illegitimate reasons. The criminal case against plaintiff was terminated in his favor in that all charges were dismissed in their entirety.

81. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

82. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

- a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

- b. That he be awarded punitive damages against the individual NYPD and NYDOC defendants; and

- c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

- d. For such other further and different relief as to the Court may seem just and proper.

Dated:  New York, New York
        June 11, 2014

Respectfully submitted,

By:  /s/
     _____
     David B. Rankin
     Rankin & Taylor, PLLC
     *Attorneys for the Plaintiff*
     11 Park Place, Suite 914
     New York, New York 10007
     t: 212-226-4507